[Civ. No. 6052. First Appellate District, Division One.—February 17, 1928.]

THE STANDARD SOAP COMPANY (a Corporation) et al., Appellants, v. PAUL FISHER et al., Respondents.

Jesse Robinson for Appellants.

Henry C. McPike for Respondents.

TYLER, P. J.—Action for damages for alleged breach of an oral contract. The complaint in substance recites that on the sixteenth day of January, 1923, the parties hereto entered into an agreement whereby defendants agreed to pay

to plaintiff John M. Simpson the sum of $32,000 and also agreed to pay into the treasury of plaintiff corporation the sum of $25,000 and of this latter sum $12,500 was to be paid by defendant Paul Fisher and a like amount by defendant Julius Wilbur. That defendants likewise agreed to pay into the treasury of plaintiff corporation a sum of money sufficient to cancel or pay off $40,000 of a total bonded indebtedness of $100,000 which was then outstanding against said corporation. That plaintiff John M. Simpson on his behalf agreed to pay into the treasury of plaintiff corporation the sum of $12,500 and further agreed to pay into such treasury a sum of money sufficient to pay off or cancel $60,000 of the said total bonded indebtedness of the company. That the respective sums of $12,500 to be paid by plaintiff Simpson and defendants Fisher and Wilbur were to be used by the corporation for the general purpose of carrying on its business. That it was further agreed by the respective parties that the plaintiff corporation should remain liable to the Mercantile Trust Company for approximately $60,000 on an unsecured indebtedness. That after the payment of said sums as aforesaid, the corporation was to be reorganized and the entire issue of its capital stock was to consist of 500,000 shares, 250,000 of which was to consist of preferred and a like amount of common stock. That said issue of capital stock was to be divided between Simpson, Fisher, and Wilbur in equal proportions. It is then charged that defendants Fisher and Wilbur failed to perform their part of the agreement and damages are prayed for in the sum of $85,000. Defendants denied that they ever entered into such agreement and as a separate defense pleaded lack of consideration and in an amended answer set up the statute of frauds.

The trial court found in effect that no contract as alleged was ever entered into between the parties. It is here claimed that the findings are contrary to and not supported by the evidence. There is no merit in appellants' contention. At the trial it was shown that defendant Fisher was the owner of certain bonds in plaintiff corporation. During the year 1922 he called upon plaintiff Simpson, the president of the company, and discussed with him the condition of its business and the probability of collecting

the interest on the bonds which he owned. The company was engaged in the manufacture of soap and was heavily indebted. Simpson suggested that Fisher purchase stock in the company. Nothing definite was proposed at this meeting. Some time later Fisher again called upon Simpson, accompanied by defendant Wilbur. The subject of the purchase of stock was again taken up. There is evidence to show that a tentative agreement was presented by Simpson to the defendants containing certain terms upon which he was willing to make a sale. Simpson testified that the parties finally reached an agreement upon the subject, which was essentially one of partnership. Respondent, on the other hand, claims that the alleged agreement was not one by which the parties agreed to enter into a partnership, but, if anything, it was merely an oral agreement to purchase for the sum of $45,000 a two-thirds interest in the capital stock of the corporation, or, as a possible alternative, to buy and sell a two-thirds interest in a going manufacturing business as represented by its stock, an agreement which the statute requires to be in writing. The evidence upon the subject as to whether defendants ever entered into a partnership or any agreement was sharply conflicting. Defendants positively denied that they made any offer of any kind or character to enter into a partnership and likewise denied that they agreed to purchase any stock in the corporation. The testimony introduced on their behalf showed that there were certain conversations had between the parties which were directed to a sale of an interest in the going business by the purchase of certain shares of its stock. There was also evidence to show that it was impossible for plaintiff Simpson to perform the agreement which he alleged had been made for the reason that he was not the owner of the requisite number of shares of stock or bonds in the company which he engaged to transfer under his alleged agreement, nor had he the control over the same. He did not own the stock and the bonds were pledged as security for a large sum of money and his personal resources were exhausted. The trial court found upon this subject that Simpson could not perform the agreement he alleged had been entered into. The evidence as a whole justifies and fully supports the findings of the trial court to the effect

that defendants never entered into any agreement of any character as alleged in plaintiffs' complaint. This being so, the appeal is without merit.

The judgment is affirmed.

Parker, J., *pro tem.*, and Knight, J., concurred.